Dana, C. J., Strong, and Thacher,
justices, were against admitting the evidence offered. They said that the question before the jury was, whether the testator was of sound disposing mind and memory, or not, at the time of making the instrument purporting to be his will; that this question is to be determined by facts and circum stances which took place at the time; the evidence now offered is of a bare opinion said to be expressed by one of the appellees; an opinion not delivered under oath ; grounded on we know not what; nor can the jury inquire or know whether there was reasonable ground for such opinion : this surely cannot be pertinent evidence.
Sedgwick, J.,
said if the appellee who is stated to have made the declaration were solely interested in establishing the will, he should be in favor of admitting the evidence offered; because he thought that evidence of opinions formed at the time might be fairly pre sumed to be among the best means of informing the jury as to the real state of the testator’s mind; but as the other appellee is interested in the establishment of the will, it would not be proper to admit the evidence offered. (b)
In this case, the counsel for the appellees * contended [ * 73 ] that the burden of proof was with the appellants, and that it. was incumbent on them to show that the testator was not of sound mind at the time of making the will; and for this was cited Godol. 24, in which it is said that proof of insanity must be made by those who object to the instrument offered as a will. But the whole Court held that the rule was the same in this case as in all others: the burden of proof is always with those who take the affirmative in pleading: (1) here the appellees have the affirmative; and must, therefore, produce reasonable and satisfactory evidence to the jury that the testator was sane at the time of making his will; and the *56 jury will confine themselves in their inquiry into the fact as to the state of the testator’s mind at that time. Bangs and T. Bigelow for the appellants; J. Upharn and F. Blake for the appellees.

 [Such evidence was admitted in the case of Atkins vs. Sanger & Al.. 1 Pick. 192—Ed.]

 It is believed to be a well-settled rule that the sanity of a testator is always to be presumed, and that this presumption c§.n in no degree depend upon the form of the pleadings in any particular case. The annotator lias been credibly informed that Sedgwick, J., afterwards changed his opinion here given. The Court has frequently, since the case of Phelps vs. Hartwell, ruled in conformity to what the editor supposes to be the law, and particularly in the case of Mrs. Norris’s will, at Salem, Nov. 1811. Present, Sedgwick, bewail, and Parker, justices. For a most able discussion upon this subject, see the opinion delivered by Lord Chancellor Thurlow.

See Powell on devises, p. 70, and the case of Wallis and Hodgdon there cited See also, Fonb. Eq. p. 65, note (x).