ALBERT H. MOTTAU & another *vs.* FREDERICK W. MOTTAU & others.

Plymouth. October 9, 1922. — November 28, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Practice, Civil,* Conduct of trial: open and close in trial of probate issues.

The established practice, that the proponent of a will shall have the opening and closing arguments at the trial by a jury of issues framed relative to the proof of a will, should not be changed merely because there is submitted for trial only one issue, whether the will was procured to be made by the fraud or undue influence of a person named.

PETITION, filed in the Probate Court for the county of Plymouth on September 9, 1921, for the proof of the will of Edward Mottau, late of Brockton, and of a codicil thereto.

In the Probate Court a single issue was framed and was referred to the Superior Court for trial by jury, as follows: "Were the instruments propounded for probate as the last will and codicil of said Edward Mottau procured to be made by the fraud or undue influence of Edythe Josephine Harrington exercised upon the said Edward Mottau?"

The issue was tried in the Superior Court before *Bishop,* J. The contestants excepted to a ruling of the trial judge, "that the proponents of the will and not the contestants had the right to open and close," and to a ruling, made at the close of the

evidence, when the counsel for the contestants requested that he be allowed to argue after counsel for the proponents had argued, "that the contestants should argue first."

The jury answered the issues in the negative; and the contestants alleged exceptions.

The case was submitted on briefs.

*W. G. Rowe,* for the contestants.

*R. W. Nutter, C. C. King & J. W. Keith,* for the petitioners.

RUGG, C.J. The Probate Court on a petition for the allowance of a will and codicil framed for trial by jury in the Superior Court the issue whether the instruments were procured ·to be made by the fraud or undue influence of a person named. The single question presented is whether under such circumstances the petitioners or the contestants had the right to open and to close before the jury.

It has been the unbroken practice in will cases, so far as disclosed in the reported decisions, for the proponent of the will to open and close. *Phelps* v. *Hartwell,* 1 Mass. 70. *Blaney* v. *Sargeant,* 1 Mass. 335. *Bigelow Carpet Co.* v. *Wiggin,* 209 Mass. 542, 551. The reasons for this are set out in *Dorr* v. *Tremont National Bank,* 128 Mass. 349, 358–360, and need not be repeated.

It has been the invariable custom of the justices of this court, so far as memory runs, in exercising *nisi prius* jurisdiction in the trial by jury of issues in cases like the present, to direct the proponent of the will to open and to close, regardless of the form of the particular issue or issues. The rule has worked well in practical experience. It is desirable that practice be simple and uniform, easily understood and not subject to exceptions which inevitably tend to increase with the lapse of time. We see no sound ground to change the established practice.

*Exceptions overruled.*